CASE 22—PETITION EQUITY—SEPTEMBER 27.

# Quisenberry vs. Quisenberry.

### APPEAL FROM OHIO CIRCUIT COURT.

1. In granting the wife a divorce from the husband for cruel and inhuman treatment, an allowance to her of the use of one half his land, worth $1,200, and of the title to half his movables, worth $400, for the maintenance of herself and infant children, is neither unjust nor unauthorized, she having no property.

2. In such case the court had no power, in awarding maintenance to the wife, to divest the title of the husband's real estate. (*Rev. Stat., sections* 6 *and* 7, *chap.* 47.)

HASWELL & KINCHELOE for appellant.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

A more meritorious cause for divorce *a vinculo* than that developed in this record has rarely, if ever, been presented to this court. The character of the wife is indisputably proved to have always been spotless, and her conduct blameless. The husband's conduct toward her is shown, and even by many of his own witnesses, to have been habitually unkind, and often, exceedingly violent; and his repeated imputations of nuptial infidelity, and declarations that he was not the father of her two infant children, born during their wedlock, are left by the testimony without a semblance of truth.

But, in pronouncing her divorce from him, the circuit court adjudged that, for the maintenance of herself and infant children, confided to her by the judgment, one half of his land, worth only about $1,200, and of his movables, worth about $400, should be allotted to her, that real and personal estate being all that he owned; and, of that disposition of the property, he now complains, as an excessive and unauthorized allowance to her. As she had no property, the allowance of the use of land not exceeding $600 in value, and of the title to movables, worth $200, cannot be deemed exorbitant. Nor can the allowance, as constructively made, be adjudged illegal. It has been often adjudged that it would be erroneous, in allowing alimony to a wife divorced *a mensa*, to change the legal title to any of her husband's estate. And we interpret the existing statute regulating allowances in cases of divorces *a vinculo*, as intending the same thing *in respect to real estate*. Section 6, chapter 47 (2 *vol. Stanton's Rev. Stat., p.* 21), provides that, in every such case, " if the wife have not sufficient estate of her own, she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable." And section 7 provides that " no such allotment in favor of the wife shall divest either party of the fee simple title to real estate."

The order for distribution in this case does not import a transfer to the wife of the fee simple title to one half of the land. And, even had it been so intended, the statute would have prevented any such effect. Usufructuary possession of

the land, and absolute title to the personalty, is all that the judgment literally implies or the law would hold valid; and, as this is the only available mode of making a beneficial and reasonable allowance in this case, it cannot be considered either unjust or unauthorized by law.

Wherefore, the judgment is affirmed.