CASE 8—PETITIONS EQUITY—MARCH 13.

Tyler v. Tyler, &c.

Same v. Same.

Same v. Same.

APPEAL FROM NELSON CIRCUIT COURT.

99    31
108    606

99    31
e110    202

99    31
122    254

99    31
134    702
135    203

1. ALIMONY—COLLECTION THEREOF BY EXECUTION.—Section 2123 of
   the Kentucky Statutes, which prohibits a chancellor from mak-
   ing an order or rendering a judgment in a divorce suit, "which
   shall divest either party of the fee-simple title to real estate,"
   does not prohibit the levying of an execution on such real estate
   for the purpose of collecting an allowance for alimony.
2. The allowance for alimony, under the circumstances of this case,
   was reasonable.

GEO. S. FULTON AND C. T. ATKINSON FOR APPELLANT.

1. Under the facts and circumstances in this case, the allowance for
   alimony was out of all reason.
2. Section 2123 of Kentucky Statutes has been plainly violated in
   this case, as it is distinctly provided therein that the court shall
   not divest either party of the fee-simple title to real estate.
3. An allowance or allotment of alimony is not a judgment upon
   which an execution may issue.

JOHN S. KELLEY FOR APPELLEE.

1. The facts of each particular case will control the chancellor in de-
   termining the amount of allowance for alimony. (Beall v. Beall,
   80 Ky., 680.)  In this case the facts and circumstances show that
   the allowance was reasonable.
2. The appellant was not "divested of the fee-simple title to real es-
   tate," as was contemplated by sec. 2123 of Kentucky Statutes;
   the court, in its judgment, did not undertake to adjudge a trans-
   fer of the fee-simple title to real estate from appellant to appel-
   lee, but gave appellee a judgment *in personam* for alimony, which
   she proceeded to collect in the usual way by levy on his prop-
   erty.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

These three cases have been consolidated and considered
as one case.   The appellant was sued by his wife for a di-
vorce.   She obtained the relief sought, and alimony allowed
her to the extent of $1,200, and was given the custody of
her infant child.

The appellant at the time of the rendition of the judg-
ment, and in fact prior thereto, had made an assignment of
all his estate for the benefit of creditors, but was not in fact
insolvent.   He owned a valuable farm, house and lot in
Bloomfield, and personal property, and at the date of the
judgment, at a fair estimate of his estate, would have had
property left of the value of about $3,000, and, upon the
hearing, the testimony as to the value of the estate fully jus-
tified the judgment for the amount awarded as alimony.

His farm had been sold for a good price, but it seems the
purchaser failed to give bond, and, the sale having been set
aside, on a resale the farm brought a thousand dollars less
money.   His other property was sold, and brought much
less than its value, and when his estate was wound up he
had left about $250 in money and his house and lot in
Bloomfield, worth about $1,200, and his remedy against the

first purchaser of his land to recover the difference between his bid for the farm and what it sold for at the last sale. Before this was ascertained his wife (the appellee) had an execution issued for the allowance made to her of the $1,200 that was levied on the house and lot in Bloomfield and sold for $1,100 or about that sum, one Mrs. Lewis being the purchaser, who is also an appellee.

The wife nor her infant child had any estate, and the details of the many wrongs by the husband toward the wife, so cruel and inhuman, take from this case any equitable claim by the husband on this property, when its effect would be to deprive the mother and infant of any means of subsistence.

The original judgment, from which is one of the appeals on the record, was all proper, and sustained by the proof, and the second and third appeals were from a judgment refusing to modify or lessen the allowance on the motion or petition by the husband in the nature of a bill of review or for a new trial, and also from the judgment refusing to quash the execution and set aside the sale made to Mrs. Lewis to satisfy the alimony. A judgment had been rendered for the amount, and an execution directed to be issued in the original case.

The ground for lessening the allowance is that the property, when sold, did not bring as much as it was really worth, or not as much as it had been valued at by the appellant himself when disclosing the value of his estate.

The right of the chancellor to make the allowance is unquestioned, and to enforce its collection by execution, but it is contended that section 2123 of the Kentucky Statutes prohibits the chancellor from making an order or rendering a judgment in favor of the wife or the husband (whichever is in fault) by which either shall be divested of title to real

estate, or, as the statute reads, "but no such order for maintenance of children or allotment in favor of the wife shall divest either party of the fee simple title to real estate," and it is therefore, said the chancellor, by permitting the execution to go and the realty of the appellant sold under it, has done by indirection what the statute in express terms forbids him from doing.

The judgment does not by its terms or in substance divest the husband of title to his realty, but makes him an ordinary debtor to the wife for a fixed sum of money that his estate is liable for in the same manner that it would be for a debt due upon any contract.

If the construction of the statute is adopted as is insisted it should be by counsel for appellant, then if the rental value of the realty of the husband is insufficient to pay the allowance or the interest upon it the wife is without relief, except by rule to enforce payment, and upon the failure to pay under such a proceeding the imprisonment of the husband would add nothing to the support of his wife and child.

When the marriage tie was severed by the chancellor and the judgment rendered for the alimony in favor of the wife, the husband became her debtor for the amount, and on his failure to pay an ordinary execution could go under this judgment and realty or personalty sold in satisfaction of it.

The chancellor, therefore, if he had the power, would not be disposed to disturb this judgment in any way. It is a small pittance for the wife and child, made penniless by the bad conduct of the appellant.

The judgment on each appeal is affirmed.