CASE 28.—ACTION BY ELIZABETH GERREIN'S ADMINIS-
TRATOR AGAINST THOMAS L. MICHIE AND
OTHERS TO ENFORCE A JUDGMENT.—March 9.

## Gerrein's Admr. v. Michie, &c.

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for defendants, plaintiff appeals. Re-
versed.

1. Alimony—Divorce from bed and board—Benefit of wife and
children—Death of wife—Enforcement of unpaid judgment—
Where a wife obtained a divorce from bed and board from
her husband, and an allowance of $30 per month for the sup-
port of herself and her infant children, and was given the
custody of her said children, a part of which the husband
paid for a time and then ceased to pay, upon the death of the
wife her administrator had the right to bring an action
against the husband to revive and enforce the unpaid
judgment.

2. Proceeding to enforce Judgment—Power of Chancellor—In
a proceeding by the administrator of a deceased wife to
enforce an unpaid judgment for alimony against her husband,
which was allowed for the support of the wife and her infant
children, the chancellor had the same power over the judg-
ment as he had in the lifetime of the wife. Upon proper
pleading and proof he may determine how much, or whether
all of the $30 per month, originally allowed, should be paid
as the children grew up or became self-supporting. But the
allowance would cease after the death of the wife.

HODGE & WOLFF for appellant.

H. C. DUMONT of counsel.

1. Statement of the case.
2. Order of dismissal erroneous. (Rule 8 Campbell Circuit
Court, Code section 364).

Gerrein's Adm'r v. Michie, &c.

3. This action may be maintained. (Rogers v. Rogers, 15 B. Mon. 382, sections 1907 A. and 2126 Ky Stats.; Campbell v. Trosper, 22 Ky. Law Rep., 279; McCarthy v. McCarthy, 10 Ky. Law Rep., 409; Davis v. Davis, 10 Ky. Law Rep., 493; Tyler v. Tyler, 99 Ky., 31; Botts v. Botts, 25 Ky. Law Rep., 300.)

4. The decree makes husband wife's debtor. (Wetmore v. Wetmore, 149 N. Y., 520; Barber v. Barber, 21 How., 582; Miller v. Clark, 23 Ind., 379; Gaines v. Gaines, 9 B. Mon., 306; Faris v. Goins, 11 Ky. Law Rep., 752; Brooks v. Summers, 18 Ky. Law Rep., 1026; Masterson v. Masterson, 22 Ky. Law Rep., 1195; Tyler v. Tyler, 99 Ky., 34; Fite v. Fite, 22 Ky. Law Rep., 1638.)

5. Action for alimony may be revived. (Gaines v. Gaines, 9 B. Mon., 297; Ballard v. Caperton, 2 Met., 412; McMackin v. Wickliffe, 1 Ky. Law Rep., 240; Patterson v. Patterson, 13 Ky Law Rep., 239; Williams v. Monroe, 18 B. Mon., 518; Williams v. Williams, 8 Ky. Law Rep., 962; Barth v. Barth, 102 Ky., 56).

6. Judgment for alimony and its revivor cannot be collaterally attacked in this action. (Dunlap v. McIlvoy, 3 Litt., 273; Garner, etc v. Strode, 5 Litt. 316; Sanders v. Gatewood, 5 J. J. Mar. 328; Green v. Ball, 4 Bush, 590; Rogers v. Rogers, 15 B. Mon., 382; Wetmore v. Wetmore, 149 N. Y., 520; Barber v. Barber, 21 Howard, 582; Barth v. Barth, 102 Ky., 56).

7. The policy of the doctrines contended for.

THOS. L. MICHIE, PHIL. J. RYAN, ALBERT BERRY, JR., MATT MOORE and A. M. CALDWELL for appellees.

The appellees present for consideration three propositions:

1. That the claim of Elizabeth Gerrein for accrued alimony against Andrew Gerrein, ceased and was wiped out by her death and could not thereafter be collected.

2. That if, in some special cases such claim might be enforced for the benefit of bona fide creditors who have given credit to the decedent during her life time in the belief that the alimony would constitute a fund out of which their claims could be paid, this case presents no such facts.

3. That in case appellant enforces his alleged claim the same is and would be subject and inferior to the claim of appellees herein as against the estate of Margaret Gerrein deceased.

### AUTHORITIES CITED.

Frank v. Frank, 107 Ky., 367; Williams v. Williams, Ky. Law Rep., 379; McHess v. McHess, 17 Ky. Law Rep., 25; Ky. Stats., section 2123, 107; Stillman v. Stillman, 99 Ill., 196; Ressor v. Ressor, 82 Ill., 442; Clark v. Clark, 6 Watts, 85.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Elizabeth Gerrein sued her husband, Andrew Gerrein, for divorce and alimony in the Kenton Circuit Court. On February 26, 1895, the following judgment was entered in the action: "It appears that the plaintiff was a sickly woman with six children whom she has borne, four living with her of whom the eldest, a girl of sixteen years of age who has the household work to do as well as care for her mother, a boy fourteen years old earning one and one-half dollars per week, and two girls aged eleven and six respectively. The husband has treated her with extreme cruelty and his children with indifference; he earns fourteen ($14.00) dollars a week regularly and has some money. The wife wants a divorce from bed and board, the custody of the children, and that he pay her sufficient alimony to help her support herself and the children, to all of which she is entitled. Therefore, it is adjudged that plaintiff is divorced from bed and board of defendant, and she is given the custody of the said four children and may collect their earnings as against the defendant, and until the further orders of this court he will pay into this court thirty ($30.00) dollars on the first of each calendar month for the plaintiff, beginning March 1, 1895. He will pay the costs herein, in which will be taxed twenty-five ($25.00) dollars for plaintiff's attorney." Andrew Gerrein made certain payments on the judgment between April 1,1895, and September 28, 1896. He then ceased to pay anything. Rules were taken out on behalf of the wife, but they were ineffective. Finally he married again, and his second wife died leaving a will by which she devised certain property to him.

After this Elizabeth Gerrein began steps to enforce her judgment, but before much was done she died on October 29, 1904. Her son Phillip Gerrein qualified as her administrator, and on February 18, 1905, began this action in the Campbell Circuit Court, setting out the above facts, and making as defendants to the action Andrew Gerrein and certain creditors of his to whom he was indebted, and whom he had secured by certain contracts which the plaintiff alleged were fraudulent and made for the purpose of defeating the collection of his judgment. The defendants demurred to the petition. Their demurrer was sustained, and the plaintiff appeals.

The action of the court in sustaining the demurrer is sought to be sustained upon the ground that the death of Elizabeth Gerrein extinguished her right to alimony, and that after her death the claim can only be enforced for the benefit of bona fide creditors who gave credit to her during her lifetime in the belief that the alimony would constitute a fund out of which their claims would be paid. The rule contended for applies where there has been no judgment in favor of the wife. Gaines v. Gaines' Ex'r, 9 B. Mon. 295, 48 Am. Dec. 425. But a judgment in favor of the wife for alimony stands just like any other judgment. The judgment in question was not one upon which an execution could issue. From the nature of the case it could only be enforced by rule. The plaintiff had revived his judgment as provided in the Code of Practice; but he connot obtain complete relief in that action, and therefore he brought this action to enforce the judgment. It was the duty of Andrew Gerrein to pay Elizabeth Gerrein $30 on the first of each calendar month from the time the judgment was entered.

When he failed to pay he became liable to process of contempt. Her failure to take out the contempt process in no way affected the debt, and at any time during her life she might have taken out such process. When she died the debt remained. It was not an unliquidated claim for alimony, but it was a claim by a judgment of record which determined the amount which the husband was to pay. If her husband had paid this money in the wife's lifetime, her subsequent death without using it would have been immaterial, and the fact that he defeated her efforts to collect it until she died is equally immaterial. The judgment is a contract of record. It is immaterial that the consideration of the judgment was a claim for alimony. Judgments for alimony are no less enforceable than other judgments. Tyler v. Tyler, 99 Ky. 31, 17 Ky. Law Rep., 1341, 34 S. W. 898.

It does not follow that the entire $30 a month may be now collected. By section 2123, Ky. Stats., 1903, the court may make orders for the care, custody, and maintenance of the minor children of the parties, and may at any time afterwards upon the petition of either parent revise and alter the same. It is apparent from the face of the judgment that the $30 a month was allowed the wife for her support and that of the children. As these children became of age, or as they became self-supporting, the allowance for their support should cease. If the wife had sought to enforce her judgment, the chancellor would have made from time to time such deductions from the $30 a month as the changed condition of the family required. The same power exists now when the chancellor is called upon to enforce the judgment. Upon proper pleading and proof by the defendants he may determine how

much of the $30 a month should not be paid from time to time as the children grow up. The wife took no steps to enforce her judgment for some years because the husband had nothing that she could make it out of. The husband took no steps to have the judgment modified because he was not paying anything. But when the wife comes now to enforce her judgment the court may hear and determine the matter just as he might have heard it if presented as the children became of age or self-supporting. Of course nothing will be allowed after the death of the wife. Parsons v. Parsons, 80 S. W. 1187, 26 Ky. Law Rep., 256.

Judgment reversed, and cause remanded, for further proceedings consistent herewith.