## Pullins v. Pullins.

(Decided January 20, 1925.)

### Appeal from Madison Circuit Court

1. Divorce—Husband Supporting and Paying Burial Expenses of Wife's Grantors Held Entitled to Proportional Interest in Land on Divorce.—Under Ky. Stats., section 2121, and Civil Code of Practice, subsection 425, husband furnishing support and paying burial expenses of wife's grantors, in consideration of conveyance to wife, is entitled on divorce to such interest in land as consideration furnished by him bore to whole.

2. Appeal and Error—Chancellor's Findings Not Disturbed on Appeal, Unless Reasonably Certain that he Erred.—Chancellor's finding that husband furnished half of consideration for conveyance to wife will not be disturbed on appeal, unless reasonably certain that chancellor erred.

STEPHEN D. PARRISH and SELBY WIGGINS for appellant.

G. MURRAY SMITH for appellee.

Opinion of the Court by Commissioner Sandidge—
Affirming.

On December 4, 1900, Invine Brown and wife conveyed to Mrs. Clyde Pullins the 2½ acres of land in Madison county, Kentucky, in controversy in this lawsuit. The consideration for the conveyance was the agreement upon the part of Mrs. Pullins to care for and support the grantors during their lives and to provide decent burial for them at death. Mrs. Pullins at the time was the wife of appellee, Mason Pullins. Following the death of the grantors appellant and appellee lived together as husband and wife for a number of years in the residence on the 2½-acre tract of land, but eventually separated and have been divorced. When they separated appellant left the home deeded to her as above stated and has since resided elsewhere. When she left her grown daughter, who was married, resided there and she and her husband and appellee have since lived there. This action was brought by appellant, claiming the title of the 2½-acre tract of land under the above deed, to enjoin appellee, her ex-husband, from entering upon it and molesting her in its ownership and possession. By his answer appellee claimed title to a half interest in the lot in question as having been acquired by her during the existence of the marriage relation between them, through him and in consideration and by reason of their marriage. By reply appellant controverted that claim. The chancellor dismissed appellant's petition and adjudged appellee to be the owner of a half interest in the lot. This appeal is prosecuted from that judgment.

It appears from the proof that immediately after the making of the deed appellant and appellee, then husband and wife, moved into the residence on the lot with grantors and lived with them until they died. The evidence of the two parties is as contradictory as well could be. Appellant testified that she made the deal for the the land in question and that she alone cared for, supported and maintained the grantors as long as they lived and buried them when they died; that appellee contributed nothing to their support and furnished no part of the consideration for the conveyance of the land in question. On the other hand, appellee testified that he made the trade for the land; that it was conveyed to his wife because of the marriage relation between them; that he from his means furnished all the support and mainte-

nance of the old couple and paid all of the expenses of their burial; and that the only part of the consideration furnished by appellant was her services in waiting upon and caring for them.

The concluding sentence of section 2121 of the Kentucky Statutes provides:

"Upon final judgment of divorce from the bond of matrimony the parties shall be restored such property, not disposed of at the commencement of the action, as either obtained from or through the other before or during the marriage in consideration thereof."

Section 425 of the Civil Code of Practice reads:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The proceedings to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing."

Under the provisions of the section of the statute and that of the code, quoted above, it could not be maintained that, if while the marriage relation existed the land in question had been purchased from grantors for a money consideration, paid in whole or in part by the husband, upon the termination of the marriage relation by divorce he would not have been entitled to have restored to him the whole of or such an interest in the land as the portion of the purchase money paid by him bore to the whole, because unquestionably it would have been property obtained by her directly or indirectly from or through him during the marriage, in consideration or by reason thereof. We can not understand that there is a distinction between a money consideration paid for the conveyance of real estate and a consideration paid by performing services and furnishing support. It seems to us to follow logically that if as a matter of fact appel-

lee furnished the support for the grantors and paid the expense incident to their burial, he thereby contributed a part of the consideration for the conveyance of the land in question as effectively as if it had been a money consideration and he had paid the whole or a portion of it. That being true, the settlement of the question presented to us by the appeal turns upon the settlement of a question of fact. The testimony of the parties themselves as to that question of fact has been indicated above. Appellant proved by a physician who treated the grantors during such illness as they had after the deed was made that she called him to administer to them and settled with him for his services. Appellee introduced two witnesses who resided in the neighborhood whose testimony tended to establish that he had furnished all the provisions, clothing and fuel used in the support of the old couple and that he had paid the expenses of their burial. The testimony of those two witnesses indicated that mere hearsay was the basis for much of their testimony. Under those facts the chancellor adjudged that appellee, Mason Pullins, had furnished half of the consideration for the conveyance of the land in question to appellant and for that reason adjudged him to be the owner of a half interest in same. The case seems to us to fall clearly within the rule that a finding of the chancellor on a question of fact will not be disturbed on appeal where the evidence is conflicting and on a consideration of the whole case the mind is left in such doubt that it cannot be said with reasonable certainty that the chancellor erred in his conclusions. Jones v. Tarry, 187 Ky. 700, 220 S. W. 523.

Hence, the judgment of the lower court is affirmed.

The whole court sitting.