## Webster et al. v. Webster.

(Decided May 14, 1937.)

(As Modified on Denial of Rehearing Oct. 1, 1937.)

ROBERT HUBBARD and THOMAS N. HAZELIP for appellants.
MILLIKEN &. MILLIKEN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Warren circuit court sitting in equity. Appellee, Nell Hill Webster, brought this suit for the purpose of securing a divorce from her husband, the appellant Paul A. Webster, and to secure alimony for herself and also maintenance and the custody of her child. The judgment appealed from was entered in the court below on June 16, 1934, but no appeal was prosecuted therefrom until June 12, 1936. The chancellor granted a divorce to the appellee, but denied her claim for alimony. The propriety of these rulings is not here questioned. He likewise awarded the custody of the child to the appellee until the further orders of the court, and directed that the appellant pay the sum of $25 per month for the child's support.

The chancellor adjudged that a certain piece of property on Magnolia street in the city of Bowling Green, standing in the name of appellant's mother, was in truth the property of appellant. There was ample evidence to support this conclusion. He fixed a lien against this property to secure the payment of costs in the action, including attorneys' fees and accrued alimony. This was not improper. Tyler v. Tyler, 99 Ky. 31, 34 S. W. 898, 17 Ky. Law Rep. 1341. He also directed the husband to convey a second piece of property, located on Eleventh street, to the Potter Matlock Trust Company as trustee for the child until she married or reached the age of 21 years and to pay the sum.

of $25 per month from the rents for the support of the child. All over this amount was directed to be paid to the husband. It was likewise provided that if the husband himself paid the $25 per month, then he should receive the entire rents. Various other provisions for the management or sale of the property in the event of future developments were made in the judgment. The only questions raised by the appellants on this appeal are: (1) That the judgment divests him of a fee-simple title to his real estate contrary to the provisions of section 2123 of the Kentucky Statutes; (2) that the court should not have awarded the custody of the child to appellee; and (3) that the allowance of $25 per month for the maintenance of the child is excessive.

As to the second and third points argued by appellant, they may be summarily disposed of under the rule that we will not disturb the judgment or findings of a chancellor where the mind is left in doubt. Certainly $25 a month is little enough for appellant to pay for the support of his infant daughter. As to her custody, appellant does not even contend that he is the proper person to take care of her, and the proof thoroughly establishes that he is not, even if he made such a claim. He simply argues that the mother is likewise not a proper person to have custody of the daughter and that she should be turned over to some institution. What institution he does not say. The chancellor saw the mother and saw the child, and we feel no hesitancy in accepting his judgment in this particular. The decree provides that the court may make further orders in this connection, and if it should appear that the child is not properly cared for, this matter can be adjusted and the custody changed if necessary.

The judgment gave the Potter Matlock Trust Company "the power and authority to mortgage or sell said 11th Street property whenever the income from same, after the payment of taxes, upkeep and insurance and other charges against same does not exceed $25.00 per month or $300.00 per year." Section 2123 of the Statutes provides that no "order for maintenance of children or allotment in favor of the wife shall divest either party of the fee-simple title to real estate." The case of Security Trust Co. v. Moberley, 199 Ky. 703, 251 S. W. 964, 965, involved the construction of a decree theretofore entered in a divorce case awarding alimony and maintenance. In the divorce case the chancellor had

entered a decree in many respects similar to the one now before us. It was provided that a certain tract of land belonging to the husband should be deeded to a trustee for the use and benefit of the children and divorced wife. No power of sale was given to the trustee as in the case before us. However, the trustee subsequently brought suit for the sale of the land and a reinvestment of the proceeds in other property. This court sustained the provision in the decree which provided for the creation of a trust during the lives of the wife and children, but affirmed the judgment of the trial court which sustained a demurrer to the petition seeking a sale of the property for reinvestment, saying:

"Under the deed made pursuant to the judgment in question, S. Neville Moberley not only has the right to purchase the wife's life estate in case of her remarriage, but also has a reversion in the property in case both of his children die before reaching the age of 21 years. In other words, the title conveyed is not a pure estate of inheritance, but is subject to conditions, on the happening of which the title may revert to the grantor. In view of these provisions, we conclude that the Fayette circuit court did not intend to divest the husband of the fee-simple title to the land in controversy. However, if, notwithstanding the fact that the judgment and deed did not have that effect, we should now hold that the wife may in a separate action have the land sold for the purpose of reinvestment, the effect would be to deprive the husband of the fee-simple title to the land, with the result that the courts could accomplish by indirection that which they were prohibited from doing in the first instance. We are therefore of the opinion that the statute does not authorize a sale and reinvestment of land which has been set apart in an action of divorce for the use of the wife and the maintenance of her children. This view does not conflict with the rule which permits the husband's real estate to be sold under an execution issued upon an alimony judgment in favor of the wife. Tyler v. Tyler, supra [99 Ky. 31, 34 S. W. 898, 17 Ky. Law Rep. 1341]. That rule proceeds on the theory that the husband is the debtor of the wife, and being in default, she may enforce the collection of her debt just as any other creditor."

Clearly, this reasoning applies to so much of the decree now before us as undertakes to give the trustee authority to mortgage or to sell the Eleventh street property. Certainly, if the trustee cannot sustain a suit for sale and reinvestment, he cannot be authorized to make such a sale on his own initiative. The provision, therefore, authorizing the sale or mortgage of the property without the consent of the husband is contrary to section 2123 and must be eliminated.

Judgment reversed, with directions to enter a decree in conformity herewith.