## Hamilton v. Hamilton.

Oct. 27, 1944.

E. B. Rose, H. L. Rudd, and Leebern Allen for appellant.

Moss Noble and S. H. Rice for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The appellant, Lester Hamilton, sued his wife, Isabelle Hamilton, for divorce on the ground of cruel and inhuman treatment. Her answer was a traverse fol-

lowed by a counter-claim averring cruel treatment on the part of her husband, and by an amendment she charged that he had been living in adultery for two years before their separation. She did not seek a divorce but asked maintenance in the sum of $100 a month for herself and six children and that the 60-acre farm whereon the family resided should be set aside as a home for her and the children. The chancellor dismissed the petition and on the counter-claim granted $40 per month to the wife and the three infant children; allowed them the use of the farm as a home until further orders of the court; and adjudged that she recover her costs, including attorneys' fees.

The husband assigns in his brief only two grounds for reversing the judgment: 1. That two attorneys' fees of $75 each were allowed the wife when only one fee should have been allowed. 2. That an allowance of $40 per month and the use of the farm to the wife and infant children is excessive in view of the smallness of the husband's estate and his reduced earning capacity due to ill health.

The Hamiltons were married in 1920 and had a successful and happy married life until about a year before their separation in June 1942. He was lease foreman for an oil producing company at a salary of $175 per month, and in addition thereto was a prosperous country merchant.

In 1941 he became enamoured with a bonnie lassie, or at least a lass named Bonnie, who was rather a prolific letter writer. Bonnie's spelling and grammatical construction were far from perfect and we would denominate her style as being more pornographic than elegant. But she did possess a clarity of expression which left little, if anything, to the imagination. Her letters were most convincing that she and Hamilton had lived together as husband and wife and that he was the father of her young baby. His testimony practically admits the relationship so graphically pictured in Bonnie's letters.

Hamilton did not heed Bonnie's wise admonition ''burn this letter'' which she at times appended to her more passionate epistles, but through gross carelessness and negligence he left them, along with a picture or two of Bonnie, in his pockets and baggage where the suspicious eyes of his wife spied them. Naturally, Mrs.

Hamilton became cold and indifferent to her husband upon reading these letters and he is in no position to complain of such treatment on her part.

Two attorneys represented the wife and the judgment allowed them a fee of $75 each. Appellant insists that as the record discloses his wife still had $1390 of the $1700 he gave her in 1939, the fee of her attorneys should not have been taxed against him since she had ample means out of which to compensate them. He further urges that in no event should more than one attorney's fee have been taxed against him.

Section 900 KS (now KRS 453.120) reads:

"In actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs."

This court has construed this statute to mean that the husband must bear the court costs of his wife, including a reasonable attorney fee, unless it appears that she is both in fault and has ample means to pay her costs and attorney's fee. Honaker v. Honaker, 182 Ky. 38, 206 S. W. 12; Smith v. Smith, 297 Ky. 395, 180 S. W. 2d 275. As Mrs. Hamilton was nowise in fault, Mr. Hamilton must bear the cost of her attorney's fee.

The Honaker case further holds that while only one attorney's fee should be allowed the wife, the judgment will not be reversed unless the total allowance to her attorneys exceeds a reasonable fee to one attorney. The reason being that the husband cannot be prejudiced by the chancellor making an allowance to each attorney rather than allowing a lump sum which the attorneys will divide as they deem proper. Section 756 of the Civil Code of Practice provides this court shall not reverse a judgment where there is no prejudice to the substantial rights of the complaining party. We do not regard $150 as an unreasonable fee to the wife's attorneys in view of the services this record shows they rendered her.

In granting the possession and use of the farm to the wife and her three infant children until further orders of the court, the chancellor did not contravene KS 2123, (now KRS 403.060), since the husband was not divested of the fee simple title to this property. Webster v. Webster, 269 Ky. 712, 108 S. W. 2d 724.

450

We cannot agree with appellant that the allowance of the use of this farm in addition to the $40 per month he was directed to pay is an excessive allowance to his wife and the three infant children. It is true the record shows he lost his position with the oil company when he filed the divorce action, that his health appears to be impaired by tuberculosis, and but little of his estate is left. But certainly a wife and three children cannot live on less than $40 per month in addition to the home this small farm affords them. His amour with Bonnie appears to be the sole cause of appellant's present predicament. He has been the architect of his life and he alone is responsible for the defects in the structure he erected. Appellant's judgment appears to be better in business matters than in affaires du coeur; and while this opinion is not intended as advice to the lovelorn, we cannot but feel that if he forsakes the way of romance and casts aside the role of Don Juan, which he has not too successfully played, and devotes himself to business, his worldly goods will rapidly multiply and even his health is likely to improve.

Perceiving no error in the judgment prejudical to appellant's substantial rights, it is affirmed.