## Stratton v. Stratton.

May 21, 1948.

V. R. Bentley and J. E. Childers for appellant.

F. M. Burke for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This is a divorce action. Appellant, the wife, filed the original suit alleging cruel and inhuman treatment. By answer and counterclaim the husband, appellee, prayed a divorce on the same ground. The Chancellor dismissed appellant's petition, granted appellee an absolute divorce, and restored to appellee appellant's half interest in a tract of real estate owned jointly by the parties.

Appellant's grounds for reversal are that she should have been awarded alimony and the Court should not have restored her interest in the real estate to appellee.

The parties were married in 1910, and raised six children, none of whom are involved in this litigation. They lived in the small community of Leckieville in Pike County. Appellee at one time was a railroad man, but for the past seven or eight years had been employed as a tipple foreman by a coal mining company. His earnings have been $300 to $350 a month, and he has saved

some $3,000 or $4,000. Appellant owns an automobile and has a small estate, but no apparent source of income.

Appellant attempted to prove that for a great number of years she had been mistreated by her husband. It is not necessary to go into detail because the accusations are not novel, nor would it serve any useful purpose to recite them here. Her statements had some slight support in the testimony of her daughter and son-in-law who lived with the parties in their home for a few months prior to the time suit was filed.

Appellee denied categorically all of appellant's accusations, and testified that appellant's actions had created an unhappy home life for him. His testimony is supported by that of neighbors and members of his church who stated that he was an industrious, hard working, thrifty man with a very good reputation in the community. While the wife attempted to prove that the husband was not a good provider, it is shown that he has always taken good care of his home and his family. One of the wife's principal complaints was that the husband would not let her run charge accounts at numerous stores in the vicinity of their home, but the actions of the husband in this respect appear justified on the record.

It appears the parties have quarreled from time to time, as many married people do, but the wife failed to demonstrate that she was not at fault. We, of course, cannot go behind the divorce decree, but have considered all the facts of the case to determine whether or not she is entitled to alimony, even though the husband was granted the divorce. The evidence is conflicting concerning the fault of the parties, but we believe it preponderates in the husband's favor. Even if we had some doubt, we should follow the judgment of the Chancellor. See Johnson v. Johnson, 296 Ky. 155, 176 S. W. 2d 256. Since the husband was granted the divorce and this judgment was justified, the disallowance of alimony to the wife did not constitute an abuse of a sound judicial discretion.

With respect to the restoration to the husband of his wife's interest in their joint property, such adjudication was required by Section 403.060, KRS, and Sec-

tion 425, Kentucky Civil Code of Practice. The Chancellor properly determined that the husband purchased the real estate and the wife's interest was gratuitously bestowed upon her by him during the marriage and in consideration of the marriage. Under such circumstances, he was entitled to have his own property returned to him. See Woford v. Woford, 267 Ky. 787, 103 S. W. 2d 296.

For the reasons stated, the judgment is affirmed.