## JACKSON v. JACKSON.

Court of Appeals of Kentucky.
March 14, 1952.

Rehearing Denied May 23, 1952.

P. H. Vincent, A. R. Imes, Ashland, for appellant.

Joe R. Massey, Jr., Davis M. Howerton, Ashland, for appellee.

WADDILL, Commissioner.

The trial court, sitting in equity, granted appellee a divorce and custody of her infant daughter. The parties were adjudged to be the joint owners of their home located at 1921 Hilton Avenue. Appellee was awarded the use and occupancy of this property for a period of six years, with the right to impress a lien upon appellant's interest in the property in the event appellee decided to convert the home into a duplex. The Master Commissioner was directed to sell a lot off the rear of the property and use the proceeds of sale to pay past due installments on a mortgage which they had executed on the property and to pay the delinquent taxes and the court costs in this action and to divide the remaining amount equally between them.

Appellant insists that the court erred: (1) In adjudging that appellee was the owner of a one-half undivided interest in the property; (2) in granting appellee the exclusive use and occupancy of it for a period of six years with the right to convert the house into a duplex and to impress a lien upon the property for improvements; (3) in allowing appellee's attorneys a fee of $200 and assessing it as costs against appellant; and (4) in divesting appellant of the fee-simple title to real estate in violation of KRS 403.060.

In support of his first contention appellant relies upon the provision of section 425 of the Civil Code of Practice. It requires that upon the granting of an absolute divorce, each party restore all property acquired "directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof". West v. West, 229 Ky. 125, 16 S.W.2d 781; Duke v. Duke, 198 Ky. 173, 248 S.W. 500.

Prior to 1942 the property in question was owned by appellant's mother. During that year she conveyed it to Earl Jackson and his wife. In 1944 the Jacksons conveyed the property to appellant and appellee during their lives with a fee to the survivor. The consideration recited in this deed is "One ($1.00) Dollar and other good and valuable considerations, receipt of all of which is hereby acknowledged." It appears from the evidence that appellant and appellee have each contributed from their personal funds to make improvements on the property and to pay the taxes and other recurring expenses. The deed conveying the property to the parties recites a consideration of value having been paid by them, therefore the burden of showing otherwise would be upon appellant in seeking the restoration. Anheier et al. v. De Long, 164 Ky. 694, 176 S.W. 195. Under the evidence the Chancellor was authorized to find that the parties were the joint owners. Latham v. Latham, 305 Ky. 101, 203 S.W.2d 45; Pleasnick v. Pleasnick, 215 Ky. 281, 284 S.W. 1070; Pullins v. Pullins, 208 Ky. 800, 272 S.W. 51.

In considering appellant's second contention it should be pointed out that the Chancellor did not grant appellee a cash amount for alimony, nor did he make an allowance for the support of the infant daughter. The testimony reveals that appellant was physically unable to work and financially unable to pay alimony. Therefore, the Chancellor rendered equity by affording appellee and her infant daughter the use and benefit of the home. The authority of the Chancellor to fix a lien against the property to secure the payment of court costs and to afford a way in which the property could be improved and protected has been approved by this court in a number of cases. Webster v. Webster, 269 Ky. 712, 108 S.W.2d 724; Tyler v. Tyler, 99 Ky. 31, 34 S.W. 898. The amount of $200 allowed appellee's attorneys was reasonable.

It is finally argued that the judgment in so far as it directs the sale of the lot off the back end of the property is in violation of KRS 403.060 and therefore void. The statute prohibits the Chancellor from making an order for the maintenance of children, or allotment in favor of the wife, that divests the husband of the fee-simple title to real estate. Quisenberry v. Quisenberry, 1 Duv. 197, 198; Tyler v.

Tyler, 99 Ky. 31, 34 S.W. 898; Maguire v. Maguire, 7 Dana 181. While the words, "fee-simple title," may, under certain circumstances have a more restricted meaning, yet, as used in the statute in question, we conclude that they were intended to mean an absolute estate of inheritance, free from any and every qualification or condition. Security Trust Co. v. Moberley, 199 Ky. 703, 706, 251 S.W. 964; U. S. v. Hyde, D. C., 132 F. 545; Gourley v. Countryman, 18 Okl. 220, 90 P. 427. It is clear that the deed under which appellant claims his interest in the property did not convey to him a pure estate of inheritance. The Chancellor's finding that the property was jointly owned by the parties, with a right of survivorship, now confirmed by this court, is conclusive as to the interests of the parties in the property. It follows that no error was committed by the court in ordering the lot sold in the manner directed.

Upon the whole case we conclude that the Chancellor did substantial justice between the parties.

Judgment affirmed.