**Mary Frances SMITH, Appellant,**

v.

**Charles SMITH, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1969.

Boyd F. Taylor, Hamm, Taylor & Milby, London, for appellant.

J. B. Johnson, Jr., Williamsburg, for appellee.

MILLIKEN, Judge.

After twenty-five years of marriage and three children who were twenty, eighteen, and nearly ten years of age, respectively, the wife, Mary Frances Smith, obtained a divorce from her husband, Charles Smith, on the basis of cruelty for six months (KRS 403.020(4)) and was awarded custody of the minor child and $100.00 a month for his support. The Chancellor also awarded her $5,000.00 alimony, $2,000.00 to be paid at the time of the divorce, the use of the home until the minor child reached his majority, and title to the household furnishings which were valued at $3,000.00 and which amount was credited on the $5,000.00 lump-sum alimony awarded. The husband had counterclaimed for divorce and custody of the little boy, but abandoned it by taking no proof to support it. The issues on this appeal involve the value placed on the husband's estate and the propriety of the restoration of the fee simple title to the home to the husband.

The Chancellor found that the fair appraisal of the husband's property, including his automobile and the home and its furnishings was $22,420.00, but that he owed $11,302.00 which left his net worth $11,117.00; that his net earnings for each of the three years immediately before was

approximately $4,722.00 a year. The wife asserts on this appeal that the $14,500.00 valuation placed on the home (which was its cost) fails to take into consideration the increased value of real estate in the community. The tax valuation on the property was $12,000.00 and the husband opined that it was worth $14,000.00 to $15,000.00. We think it clear that there was substantial evidence to support the Chancellor's conclusion on this issue, and we are offered nothing except the appellant's surmise to show that the $3,700.00 valuation placed by the Chancellor on the husband's small jewelry store was not justified. The husband points out in his brief that he testified the rental value of the home granted the wife was worth at least $125.00 a month which would total $13,500.00 over the nine-year period she was entitled to it, and that if the home was worth more as she claimed, it would logically follow that the rental value would be more than $125.00 a month. The wife now works for the State and has take-home pay of $184.00 a month.

The home in Williamsburg was held in the joint names of the parties, but the funds which went into it came from the sale of a home in Corbin which the husband's parents had given to them and which also was placed in their joint names. We think it clear that no money of the wife's went into the property, that her interest in it was gratuitously bestowed upon her in consideration of the marriage, and that title should have been restored to the husband. In fact KRS 403.065, governing proceedings for the restoration of property, declares that any property obtained directly or indirectly during the marriage "* * * without valuable consideration, shall be deemed to have been obtained by reason of marriage." Kivett v. Kivett, Ky., 312 S.W.2d 884; Stratton v. Stratton, 307 Ky. 505, 211 S.W.2d 685. We do not find Jackson v. Jackson, Ky., 248 S.W.2d 411, to be applicable here, for in Jackson it was established that money was paid for the property and that the wife contributed to the improvement and maintenance of it,

the husband was an invalid and unable to work, and no alimony was awarded the wife because the husband had no income.

In the case at bar we conclude that the husband who, incidentally, is continuing to help his older children pay for their educations, is entitled to restoration of the title to the home in Williamsburg.

The judgment is affirmed.

All concur.