JUDGE HARDIN
delivered the opinion op the court.
In May, 1870, a judgment was rendered by the Bo wan Circuit Court divorcing Elizabeth J. Thomas from her hus *666 band, Andrew J. Thomas, and allowing to her the care and custody of their infant child, Lydia Ellen Thomas; and said A. J. Thomas having prosecuted an appeal from that judgment, it was affirmed by this court in January, 1871.
This motion has since been instituted by the appellee that the court instruct the clerk, in taxing the costs against the appellant, to include therein a reasonable sum, to be fixed by the court, for her attorney’s fee in this court.
Section 32, chapter 25, of the Revised Statutes, provides that “in suits for alimony and divorce the husband shall pay the costs of each party, unless it shall be made to appear in the cause that the wife is in fault, and has ample estate to pay the same.”
Under this provision the appellee was entitled to and recovered a judgment in the circuit court for her attorney’s fees in that court. But the decree of divorce not being revisable in this court, and no judgment for alimony having been rendered, the disposition which the court made of the infant child of the parties was the only subject of inquiry in this court; and as to that the parties did not come before this court occupying the relation of husband and wife, for that had already ceased to exist, but as independent litigants as to a matter of dispute not mentioned in the statute referred to, and which might be the subject of controversy between them for years after their final separation. (Revised Statutes, chap. 47, art. 3, sec. 7.)
Our conclusion is that the statute was not intended to embrace the attorney’s fees of a divorced wife in a case like this; and the motion is therefore overruled.