CASE 41—ACTION BY STELLA ELLIOTT AGAINST J. W. ELLIOTT FOR DIVORCE AND ALIMONY.—April 20, 1910.

## Elliott v. Elliott.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for defendant, and plaintiff appeals.— Affirmed.

1. Divorce—Costs—Attorney's Fees—Liability of Husband— Wife's Inability to Pay.—Under Ky. St. section 900, providing that in actions for alimony and divorce the husband shall pay the costs of each party, unless the wife is in fault and has ample estate to pay the same, where the trial court decided that the wife was in fault, but she had no estate with which to pay the costs, the husband is liable for the costs, including a reasonable fee for her attorney.

2. Divorce—Attorney's Fees on Appeal—Statutory Provisions.— The statute requiring the husband in suits for alimony and divorce to pay the costs of each party unless it appears that the wife is in fault, and has ample estate to pay the costs, was not intended to embrace attorney's fees of the divorced wife, and hence, after a decree of divorce has been rendered, the former husband is not liable for attorney's fees on her appeal from the decree of divorce; she being no longer his wife.

3. Divorce—Appeal.—The Court of Appeals has no jurisdiction to reverse a decree for divorce.

S. S. WELLS and FRANK C. MALIN for appellant.

KIMBALL & HUNTER for appellee.

ORIGINAL JUDGMENT BY JUDGE NUNN, April 22, 1910.

The parties to this action were married in the state of Ohio in the year 1896, and resided for more than 5 years next before the institution of this action in the state of Kentucky, in Lexington and Burnside, They resided in the last-named place some 2½ or 3 years next before their separation. She returned to the city of Lexington, where this action was brought for alimony, divorce from bed and board, and for the custody and control of their only child, a boy about 8 years of age. She alleged that her husband habitually behaved toward her, for not less than six months, in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness. She further alleged that he, when they lived in Lexington, contracted a venereal disease and transmited the same to her, to her great injury and shame. Afterwards she filed an amended petition, in which she asked for a divorce from the bonds of matrimony, and for alimony and the control of her son. Appellee answered, controverting all the allegations of the petition, and making his answer a cross-petition against her, in which he sought an absolute divorce, charging adultery upon the part of his wife and such lewd, lascivious behavior as proved her unchaste. This she denied. The issues were completed and proof heard, which consisted of about 40 depositions. The lower court dismissed appellant's petition, refused her alimony, granted to appellee a divorce, and also gave to him the temporary custody of the child. The court did not render judgment for costs incurred in the action. Appellant appeals from so much of the judgment as refused her alimony and deprived her of the custody of the child.

It is conceded that this court has no power to

disturb the judgment granting appellee a divorce from the bonds of matrimony. There is no contradiction of the fact that both parties were afflicted with the loathsome disease referred to. A physician of Lexington testified that he treated appellee for that disease from the month of February, 1905, to the 23rd of March of that year, at which time he pronounced him cured. There was no evidence introduced showing that it was not a permanent cure. This same physician and two others residing in Burnside testified that they treated appellee for a like disease in the months of April and May, 1906, while she was living in Burnside. Under the proof the probabilities are about equal that she contracted the disease from a party other than her husband as from him, as the evidence shows that more than a year elapsed after appellee was treated before appellant became afflicted with the disease, and, further, as the overwhelming weight of the evidence shows that, while she was a resident of Burnside, she was guilty of repeated acts of adultery and her associations were with notoriously lewd women. Under the proof it is evident that she was wholly unfit to have the custody and rearing of their child on account of the immoral life she led; it being shown that she had the boy convey messages to men requesting that they meet her for the purpose of having illicit intercourse. The proof further shows appellee to have been a respected citizen, with the exception above noted, which militates against him to a great extent. We doubt his fitness to have the custody and control of the child, although he is no doubt superior to the mother. The lower court kept the case upon the docket, with full control of the matter, so that he might make such orders for the benefit and interest of the boy from time to time as

might be necessary; and he can place him in the control of a stranger, if at any time, in his opinion, it is to the interest of the child to do so.

As stated, the court did not render any judgment for costs. It seems that matter was left open. Section 900, Ky. St., provides: "In actions for alimony and divorce, the husband shall pay the costs of each party, unless it shall be made to appear in the action the wife is in fault and has ample estate to pay the same." The lower court decided that the wife was in fault, and we are unwilling to disturb that finding; but the proof shows without contradiction that the wife has no estate with which to pay the costs. Therefore it is incumbent upon the court to adjudge that appellee shall pay the costs of the action in that court, which shall include a reasonable fee to her attorney. Turner v. Turner, 62 S. W. 1022, 23 Ky. Law Rep. 370; Schneider v. Schneider, 64 S. W. 845, 23 Ky. Law Rep. 1154; Steele v. Steele, 119 Ky. 466, 84 S. W. 516, 27 Ky. Law Rep. 120; McMakin v. McMakin, 87 S. W. 1140, 27 Ky. Law Rep. 1211.

For these reasons, the judgment of the lower court is affirmed.

SUBSEQUENT OPINION BY JUDGE NUNN, MAY 10, 1910 ON MOTION FOR ATTORNEYS' FEES.

Appellant has entered a motion in this case asking this court to make an allowance for a reasonable attorney's fee for her counsel for services rendered her in this court on the appeal.

In the opinion rendered on the appeal, we said that the lower court should render a judgment against appellee for the cost of the action and for a reasonable attorney's fee in favor of counsel representing

appellant "in that court." The judgment appealed from granted appellee a divorce from the bonds of matrimony, and appellant was not the wife of appellee when the appeal was pending in this court. Therefore the statute requiring the husband in suits for alimony and divorce to pay the cost of each party unless it should be made to appear in the case that the wife is in fault, and had ample estate to pay the same, cannot apply. The statute was not intended to embrace the attorney fees of a divorced wife. This court has no jurisdiction to reverse a decree of divorce. The lower court by its judgment fixed their status in that respect. See the case of Thomas v. Thomas, 7 Bush, 665.

For these reasons, the motion is overruled.