## Security Trust Company, Trustee, et al. v. Moberley, et al.

(Decided June 12, 1923.)

### Appeal from Madison Circuit Court.

1. Divorce—Judgment for Alimony and Not Conveyance in Conformity Therewith Held Source of Title.—Where a judgment for alimony required the husband to convey property to a trustee under the terms prescribed in the judgment, and the deed to the trustee recited it was made in compliance with the directions contained in the judgment, the judgment and not the deed is to be regarded as the source and measure of the title.

2.  Divorce—Court has no Power to Render Judgment Divesting Fee Simple for Payment of Alimony.—Under Ky. Stats., section 2123, providing that no order for maintenance of children or allotment in favor of the wife in a suit for divorce shall divest either party of the fee-simple title to real estate, the court has no power to render a judgment divesting a fee-simple title.

3.  Divorce—Judgment for Alimony Will be Construed, if Possible, so as Not to Divest Fee.—If a judgment for alimony is susceptible of such construction, it will be so construed as not to have the effect of divesting a fee-simple title, which it was beyond the power of the court to do.

4.  Divorce—Judgment Giving Property to Wife for Life with Remainder to Children and Contingent Remainder to Husband Does Not Divest Husband's "Fee-Simple Title."—Though the words "fee-simple title" may, under certain circumstances, have a more restricted meaning, they are used in Ky. Stats., section 2123, prohibiting the judgment for alimony from divesting either party of the fee-simple title, as meaning an absolute estate of inheritance, free from any and every qualification and condition, and therefore a judgment requiring the husband to convey property to a trustee for his wife for life with remainder to their two children, or to the survivor of the children, with separate provisions that, if both children should die without issue before reaching the age of 21, the remainder should revert to the husband, and that, if the wife should remarry, the husband should have the option of purchasing her life estate, did not divest the husband of the fee-simple title.

5.  Divorce—Land Conveyed in Trust for Wife and Children as Alimony Cannot be Sold for Reinvestment.—To permit a sale for reinvestment of land conveyed under a judgment for alimony to a trustee for the wife for her life, with remainder to the children, and a provision if both children should die before reaching the age of 21 the remainder should revert to the husband, would permit the court indirectly to divest the fee-simple title of the husband, which it is prohibited by Ky. Stats., section 2123, from doing directly, and therefore such sale for reinvestment is not authorized.

6.  Divorce—Real Estate of Husband in Default on Alimony Payments Can be Sold Under Execution.—Where a husband is in default on payments for alimony, he is indebted to his wife, and his property may be sold on execution to satisfy the debt the same as it could be to satisfy any other debt, notwithstanding the prohibition of Ky. Stats., section 2123, that a judgment for alimony cannot divert the fee-simple title.

FORMAN & FORMAN for appellants.

A. R. BURNHAM, JR., and J. J. GREENLEAF for appellees.

Opinion of the Court by Judge Clay—Affirming.

Besides other property, S. Neville Moberley owned a farm of 157 acres located in Madison county near the city of Richmond. In an action for divorce brought by his wife, Moyner B. Moberley, in the Fayette circuit court, the court rendered a decree granting her a divorce and awarding alimony. The decree recited that the court was of the opinion that plaintiff should have by way of alimony a sum equal to her life estate in the 157 acre tract of land, and that upon her death the remainder should vest in her two children, Neville Moberley and Kirk Moberley, on condition that if either of said children should die before arriving at the age of twenty-one years, the entire remainder should go to the survivor, and if both should die before they reached the age of twenty-one years respectively, the remainder should revert to the defendant, S. Neville Moberley. The decree then directed S. Neville Moberley and N. B. Deatherage, his trustee, to convey the land to the Security Trust Company of Lexington in trust for and during the natural life of plaintiff, with remainder as above set out. The decree also contained the provision that the trustee should be subject to the control of the court in that action, and that the case should be retained on the docket for that purpose and the other purposes thereinafter named. Then followed other provisions with reference to the leasing of the land so as not to impair its fertility or productiveness, and the further provision that if the defendant, S. Neville Moberley, or his trustee, had any valid objection thereto, the trustee should not make any lease of the farm unless the same was approved by the court. There was a further provision to the effect that if the plaintiff should marry again, the defendant, S. Neville Moberley, should have the option, to be exercised within one year after the date of said marriage, to pay plaintiff, in lieu and satisfaction of her life estate in said tract of land, a sum in cash, or its equivalent in value, equal to her life estate in the land as fixed by the tables made and provided by the Court of Appeals.

On February 5, 1915, S. Neville Moberley and his trustee, "in compliance with the terms, directions and orders contained in the judgment entered by the Fayette circuit court on the 30th day of January, 1915, in the action therein pending of Moyner B. Moberley v. S. Neville Moberley, etc., which judgment is now and hereby

referred to," conveyed the 157 acre tract to the Security Trust Company of Lexington, upon the terms and conditions set out in the decree.

On September 23, 1920, the Security Trust Company, as trustee of Moyner B. Moberley, and Moyner B. Moberley brought this suit against her children, Neville Moberley and Kirk Moberley, both infants under fourteen years of age, and her former husband, S. Neville Moberley, for the sale of the land and a reinvestment of the proceeds in other property. Facts were alleged showing that the sale and reinvestment would be to the interest of all the parties. S. Neville Moberley and the infant defendants, through their guardian *ad litem,* interposed a demurrer, which was sustained and the petition dismissed. Plaintiffs appeal.

Section 2123, Kentucky Statutes, is as follows:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties, or children of unsound mind, or any of them, at any time afterward, upon the petition of either parent, revise and alter the same, having in all such cases of care and custody the interest and welfare of the children principally in view; but no such order for maintenance of children or allotment in favor of the wife shall divest either party of the fee simple title to real estate."

As the judgment directed the husband and his trustee to convey the land upon the terms and conditions set forth in the judgment, and the deed itself recites that it was made in compliance with the terms and directions contained in the judgment, it is clear, we think, that the judgment and not the deed must be regarded as the source and measure of the title to the land in controversy.

It will be observed that the statute prohibits the chancellor from making an order for the maintenance of children, or allotment in favor of the wife, that shall divest either party of the fee simple title to real estate. This and similar statutes have been construed as denying to the court the power to render such a judgment. Quisenberry v. Quisenberry, 1 Duvall 198; Tyler v. Tyler, 99 Ky. 31, 34 S. W. 898; Maguire v. Maguire, 7 Dana 181. However, if susceptible of such a construction, the court will construe the judgment as not intended to have that effect. Thus in Crabtree v. Crabtree, 85 S. W. 211, the chancellor gave the wife one-half of the husband's land

as alimony.  The court construed the judgment as meaning that the wife should have the use of the land for life, and upheld the judgment on that ground.  While the words, "fee simple title," may, under certain circumstances, have a more restricted meaning, yet, as used in the statute in question, we conclude that they were intended to mean an absolute estate of inheritance, free from any and every qualification or condition.  U. S. v. Hyde, 132 Fed. 545; Gourley v. Countryman, 90 Pac. 427, 18 Okla. 222.  Under the deed made pursuant to the judgment in question, S. Neville Moberley not only has the right to purchase the wife's life estate in case of her remarriage, but also has a reversion in the property in case both of his children die before reaching the age of twenty-one years.  In other words, the title conveyed is not a pure estate of inheritance, but is subject to conditions, on the happening of which the title may revert to the grantor.  In view of these provisions, we conclude that the Fayette circuit court did not intend to divest the husband of the fee simple title to the land in controversy.  However, if, notwithstanding the fact that the judgment and deed did not have that effect, we should now hold that the wife may in a separate action have the land sold for the purpose of reinvestment, the effect would be to deprive the husband of the fee simple title to the land, with the result that the courts could accomplish by indirection that which they were prohibited from doing in the first instance.  We are therefore of the opinion that the statute does not authorize a sale and reinvestment of land which has been set apart in an action of divorce for the use of the wife and the maintenance of her children.  This view does not conflict with the rule which permits the husband's real estate to be sold under an execution issued upon an alimony judgment in favor of the wife. Tyler v. Tyler, *supra.* That rule proceeds on the theory that the husband is the debtor of the wife, and being in default, she may enforce the collection of her debt just as any other creditor. In the case at bar the husband was not in default.  The wife received exactly what the judgment provided she should receive, to-wit, a life estate in the land, and no further enforcement of the judgment is necessary.  It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.

Whole court sitting.