## Karr v. Pearl.

(Decided January 15, 1926.)

Appeal from Laurel Circuit Court.

1. Reformation of Instruments—"Clear and Convincing Proof" Required to Obtain Reformation of Executed Written Contract.— "Clear and convincing proof" of fraud, oversight, or mistake, which is required to obtain reformation of executed written contract, need not be undisputed and uncontradicted, but entire proof, together with surrounding circumstances, must convince

reasonable mind of truth of grounds alleged, and dispel any well-founded doubt.

2.   Reformation of Instruments—Evidence Held Sufficient to Support Reformation of Deed.—Evidence held sufficient to support reformation of deed so as to square out lot originally conveyed by including triangular piece of land adjoining that covered by deed.

W. E. BEGLEY for appellant.

FINLEY HAMILTON and G. G. BROCK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Cora L. Pearl, owned a number of pieces of real property in the town of London, Kentucky. Prior to December, 1920, and while yet the owner of such property she removed from London, Kentucky, to Bloomington, Illinois, but at that time, or afterwards, she listed it with the Hon. Nat B. Sewell for the purpose of sale, he at the time residing in London and was engaged in the real estate business. One piece of property she owned was what was known as the "old school property," from the fact that it at one time had been occupied as a school, and it was located between the old railroad track and Long street, each of which ran north and south, and the property fronted east on Long street. Mrs. Pearl at some time prior to the deed here involved had owned land south of the old school property known in this record as the Evans property and which joined the school property on its south line. She had sold the Evans property and in describing in her deed of conveyance its north boundary she did not follow the southern line of the old school property all the way from the old railroad track to Long street, but only followed that line east from the old railroad property to a sycamore tree standing in the line and ran it straight from thence to Long street, reaching it at a point 35 feet south of the southeast corner of the old school property, thereby leaving a triangular space of the Evans lot which she did not convey and which was 35 feet wide on Long street and ran to a point at the sycamore tree and which, according to the plat, squared out the old school property so as to enlarge the lot of the southern residence on it and render it practically a rectangle. In December, 1920, through her agent, Sewell, she sold what was supposed to be the old school property to the appellant and defendant below, Anderson Karr, and executed a deed

to him on the 17th day of December, 1920, describing the old school property, but which as a matter of fact did not include the triangular space hereinbefore referred to. Karr took possession of the property and erected a fence along the line described by Mrs. Pearl in her conveyance of the Evans lot and upon the same line of an old fence, part of which was then standing and which he tore away. By so doing he annexed the triangular space to the southern part of the old school property which he ·was then occupying as a residence, all of which was done under the belief that in purchasing the latter property he obtained all of the lot down to the line described by plaintiff in her deed to the Evans property. In about a year thereafter one Simms, who had acquired the Evans property, discovered that the triangular space had never been conveyed by Mrs. Pearl, and he applied to the agent, Sewell, to purchase it, which, according to the evidence of the agent, was the first time he knew that Mrs. Pearl owned it, since it is plainly inferable that he thought that she had sold to defendant in his purchase of the old school property all the land she owned at that place down to the old fence marking the northern line of plaintiff's deed conveying the Evans property.

After that defendant became aware of the same fact and he had a survey made of the old school property and for the first time discovered that his deed did not include the triangular space, which at that time was enclosed as a part of his residence lot and was in his possession. He declined to surrender it on demand and this ejectment suit by plaintiff against him followed. In his answer he denied that he was wrongfully in possession of the disputed land and asserted title in himself under his deed to the old school property, and he also averred that the disputed land was pointed out to him as a part of the old school property when he was negotiating for its purchase, and that he actually purchased and paid for it as a part of that property, and that its omission from the description in his deed was by fraud, oversight or mistake, and he sought to have it reformed so as to include it, in conformity with what he claimed was the actual contract. Appropriate pleadings made the issues and the cause was transferred to equity, where, after preparation, it was submitted for trial and the court sustained the prayer of the petition, refused to reform the deed and adjudged plaintiff the owner of the triangular space, to reverse which defendant prosecutes this appeal.

In considering the case we have not overlooked the rule with reference to the reformation of executed written contracts, to the effect that in order to obtain such relief the proof must be clear and convincing. It is so annnounced by all courts and text writers. The two latest cases in which this court so held are, Dotson v. Hunt, 207 Ky. 832, and Bernheim v. Duane, 209 Ky. 744. However, an observance of that rule does not require that the evidence as to the fraud, oversight or mistake, necessary to obtain the relief of reformation, shall be undisputed and uncontradictedly established, since it is a rare case where the grounds for such relief are admitted either by the pleadings or the testimony of defendant or the one against whom the reformation is sought. Practically in every case such grounds are contested and at least some evidence introduced disputing them. The rule, *supra,* therefore, means nothing more than that the entire proof together with the surrounding circumstances shall be such as to convince a reasonable mind of the truth of the grounds alleged, and to dispel any well founded doubt upon the subject. When the effect of it is such it may correctly be said that it is "clear and convincing," so as to meet the requirements of the rule. With that in mind we will now proceed to examine the testimony in view of the circumstances and surroundings to determine whether the court was correct in rendering the judgment appealed from.

That Mr. Sewell was the general agent of plaintiff for the purpose of negotiating the sale of her real estate in London is both admitted and uncontradicted. Before he made any effort to sell the old school property to defendant he had shown it to at least two others and they testified that the line now claimed by defendant was pointed out by him as the southern line of that property, and which defendant also said in his testimony was done at the time Sewell showed him the property. Sewell denied having done so on the occasion defendant looked at the property, but he did not deny having done so with the other two witnesses. He also stated to one of those witnesses that the real property then being offered for sale was "The last foot of property that Mrs. Pearl owned in the city of London," and that statement was not denied by him. After the sale of the school property to defendant in 1920 Mrs. Pearl neither listed for taxation nor paid any taxes on any real estate in London, a fact to which she herself testified. Sewell said in his

testimony that he did not know where the southern line of the old school property was and he did not point out to defendant any particular line on its southern border, but it is plain to be seen even from his testimony that he thought the old school property which he was then offering for sale ran to the line now claimed by defendant; and we are fortified in that statement by the fact that he testified that he did not know to the contrary until more' than one year after the deed was executed and until he was approached by Simms to buy the triangular space in controversy. So that, if we were confined alone to the express testimony given in the case we would be inclined to hold that the requirements of the rule, *supra,* were fully met so as to entitle defendant to the reformation sought by his counterclaim contained in his answer.

But when we view the plat and observe the almost absolute necessity of squaring out the old school lot so as to include the triangle in contest, taken in connection with the fact that plaintiff reserved it from the Evans lot so as to make the school lot divisible into four shapely and desirable ones, we are convinced that the purpose was to attach the triangular space to the old school lot and make it a part of the latter. There can be no sound reason for Mrs. Pearl retaining title to such a small and unshapely piece of land, and none is urged in this record for her having done so; neither does such a course conform to usual conduct and businesslike methods, and we entertain no doubt but that both Mrs. Pearl and her agent, Sewell, thought that she had conveyed to defendant all the land she owned down to the northern line of the prior conveyed portion of the Evans lot, and there is absolutely no doubt but that he thought that he was obtaining a deed to that line; and that conclusion is also fortified by the further fact that plaintiff did not list the property for taxation after her conveyance to defendant, presumptively upon the ground that she was under the impression that she owned no property subject to taxation. And it is also fortified by the fact that the agent thought that defendant owned the disputed property for more than one year after receiving his deed. It results, therefore, that the court erred in declining to reform the deed and in rendering judgment for plaintiff.

Wherefore, the judgment is reversed, with directions to reform defendant's deed so as to include the disputed triangular lot, and to dismiss the petition.