## Campbell et al. v. Campbell.

(Decided June 19, 1931.)

HIRAM H. OWENS for appellants.

V. A. JORDAN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER.—
Reversing.

This is the third appeal in this case to this court. On September 30, 1920, appellee filed in the circuit court her petition against her husband, D. M. Campbell, praying a divorce from him, the allowance of alimony, and the custody of their son, Kenneth Campbell, then about eleven years old. An attachment was sued out which was levied on the house and lot where they resided. On September 16, 1921, a final judgment was entered in the action granting a divorce to the plaintiff and alimony in the sum of $1,500, attorney's fees and costs. The judgment further provided:

"It is further adjudged by the court that the plaintiff, Alice Campbell, shall have for the present the use, benefit and occupancy of the house and lot wherein and whereon she now resides in Grays, Kentucky, together with all the household and kitchen furniture and musical instruments belonging to the said D. M. Campbell, and which are now in said residence, and have been used by the plaintiff, Alice Campbell, and she may use said house and furniture for the present. The said house and furniture to be for the benefit of the plaintiff, Alice Campbell, and the child Kenneth Campbell, and the plaintiff Alice

Campbell, is awarded the custody of the said child, Kenneth Campbell, for the present, but she is not permitted to remove said child from the State of Kentucky, and she is awarded as maintenance for the said child while in her custody $10.00 per month, payable monthly to the plaintiff Alice Campbell, but the defendant D. M. Campbell is granted the right and privilege to visit said child at any reasonable time.''

The case was brought to this court, and, after reversing it on a matter not material here, the court on June 12, 1925, said this as to the house:

''With reference to the house, the original judgment awarded appellee the occupancy and benefit of this house 'for the present' and 'for the benefit of' herself and child. That judgment also awarded her $1,500 as permanent alimony, and a reading of it plainly convinces us that the court gave her the house in order that she might there make a home for herself and child. This she has never done and therefore she should not have the right to continue to hold the house. The record shows that she is amply able to take care of herself. She has been awarded a large sum of money as permanent alimony. The maintenance of the child has been taken care of, and we can see no fair reason why she should be continued in the use of the home, which in fact she does not use but rents out. In permitting appellee to retain and rent this house, the court has really given her, in addition to the permanent alimony awarded her, an additional monthly allowance by way of the rent which she realizes, and which in this case is about $10 a month. Therefore, this part of the judgment is also reversed, with instructions to return the possession of the house to appellant.'' Campbell v. Campbell, 209 Ky. 575, 273 S. W. 26, 27.

On her motion, a new hearing was granted, as it then appeared she had not been served with process and all the facts were not before the court. On the rehearing the court, on March 19, 1926, said this as to the house:

''In the former opinion we held that as the original judgment awardel appellee the occupancy and benefit of the house in question 'for the present' and

'for the benefit of' herself and child, and that as the record showed that up to the time of the supplemental proceedings she had not occupied the house as a home for herself and child, for which purpose we said the provision of the original judgment was made, the supplemental judgment, which permitted her to continue in the use, possession, and control of this house, with power to rent and lease the same, could not be upheld. It is now suggested that the reason appellee did not occupy this house as a home for herself and child was because of the fact that the appellant and his father had been contumacious in complying with that part of the original judgment which awarded to her the custody of their boy, and that as they had by every means in their power thwarted her efforts to regain and keep the custody of the boy, they should not now be allowed to take advantage of their own wrong. We think this position is well taken. . . . He who seeks equity must do equity. Therefore, until the appellant returns or sees that the possession of the boy is returned to the appellee and can show to the court that he is in good faith abiding by that part of the judgment of the court relating to the custody of the child, he should not be allowed to raise the question of the possession of the house. The judgment of the lower court, however, did not indicate how long the appellee should continue to have the use and occupancy of the house with the right to rent it out. The judgment should be modified to the extent that she should have this right until further order of the court. If supplemental proceedings should again be instituted then the court will have the right and power to decide what is then right in the premises.'' Campbell v. Campbell, 213 Ky. 621, 281 S. W. 800, 801.

The circuit court increased the allowance for the support of the child from $10 a month to $30 a month. D. M. Campbell refused to pay this to her on the ground that she was not supporting the child. The circuit court on her motion gave judgment against him for the sums in arrear, $1,320. This judgment was affirmed by this court on February 21, 1928, on the ground that, if she did not support the child, his remedy was to apply to the court to modify the judgment, and, failing to do this or to pay the money, he was in contempt of court and could

not be heard here. Campbell v. Campbell, 223 Ky. 836, 4 S. W. (2d) 1112. He had paid the judgment for alimony, attorney's fees, and cost, and then paid the above judgment. On November 5, 1930, she entered a motion to redocket the case in the circuit court, and, this being done, on November 8, 1930, entered a motion that the court grant her permanent custody of the home place, which was the property of D. M. Campbell, and require D. M. Campbell to execute to her a deed for it or direct the master commissioner to execute the deed to her for it. D. M. Campbell moved the court to grant him a writ of possession for the property and oust the plaintiff from possession of it. The son, Kenneth Campbell, arrived at age more than a year before this. He had married and was living with his grandfather. He had, in fact, never lived in the home with his mother since the judgment was rendered.

W. J. Campbell, the father of D. M. Campbell, filed his petition and counterclaim showing these facts: He had lent D. M. Campbell the money to pay off the judgments above referred to, and had taken from D. M. Campbell a mortgage on the property in question, and also on another lot which D. M. Campbell owned, to secure him in the sum of $2,892. He prayed that his mortgage be enforced. Proof was taken by depositions, and on final hearing it was adjudged by the court that the plaintiff's motion be sustained, and that she be adjudged to be the prior and paramount owner of the property, and that her claim was superior to the claim of W. J. Campbell. The court further adjudged that the cross-petition of W. J. Campbell be dismissed, and that D. M. Campbell convey to the plaintiff, Alice Campbell, all the right, title, and interest in the two lots by a good and sufficient deed of general warranty, and, if he failed to do this, that the master commissioner convey the property to her. From this judgment, D. M. Campbell and W. J. Campbell appeal.

The court erred in adjudging the property to appellee and ordering it conveyed to her. Section 2123, Kentucky Statutes, providing for the order to be made as to the custody of children in actions for divorce, concludes with these words:

"But no such order for maintenance of children or allotment in favor of the wife shall divest either party of the fee-simple title to real estate."

In Security Trust Co. v. Moberly, 199 Ky. 706, 251 S. W. 964, 965, this court, citing previous opinions so holding and quoting the statute, said:

> "It will be observed that the statute prohibits the chancellor from making an order for the maintenance of children, or allotment in favor of the wife, that shall divest either party of the fee-simple title to real estate. This and similar statutes have been construed as denying to the court the power to render such a judgment."

The judgment rendered on September 16, 1921, was final as to alimony, and the circuit court was without power to modify it at a subsequent term. Karr v. Pearl, 212 Ky. 387, 279 S. W. 631; Jones v. Jones, 216 Ky. 810, 288 S. W. 737; Keach v. Keach, 217 Ky. 723, 290 S. W. 708.

On the first appeal to this court, it was distinctly held that the circuit court awarded appellee the occupancy and benefit of the house for the present, for the benefit of herself and child in order that she might there make a home for herself and child. The reason is plain. The child was young and needed a home. His custody had been awarded to the mother; and, in order to give the child a home, she was awarded for the present the use of the house. In that opinion, it appearing that she had not taken care of the child or given it a home, it was held that she was not entitled to the further custody of the house; but, on the rehearing, it being made to appear that failure to take care of the child and give it a home was due to the father's contumacious refusal to obey the judgment, the opinion was modified, and it was held that he could not take advantage of his own wrong, and that the mother should have the right to the house until the further order of the court, the meaning being that she should have the use of the house as long as it was necessary to give a home to the child in its infancy. The second opinion did not in any other respect modify the first opinion. It simply left the circuit court to decide how long the mother should have the use of the house for the benefit of the child. The boy being now of age and married, the reason for giving the mother the use of the house has ceased; for the use of the house was simply to enable her to take care of the infant child and give him a home. She is not therefore entitled to the

further use of the house, for this would be simply to increase at a subsequent term the alimony allowed her. The use of the house was not committed to her as part of her alimony, but to enable her to take care of the child on the allowance for his support.

It appears from the record that Mrs. Campbell has spent on the property, in the ten years that she has held it, $469. But a part of it was not for repairs, but for additions she saw fit to make to the property, such as evergreens $30; garage, $111; driveway to garage $9; washhouse $62.50, etc. These items leave a balance of about $250. Her own witness states that she has spent in repairs on the property about $250, and the court adopts these figures as the true amount of the cost of the repairs. As a tenant "for the present," she was without power to build a garage for her car or erect other improvements for her convenience, and charge this to the property. But it was the duty of the husband to keep this property in repair so that it could be occupied as provided by the judgment of the court. She is entitled to a lien on the property for $250 for her repairs thereon. This lien is superior to the rights of W. J. Campbell under his mortgage, as her rights under the judgment are older than his mortgage.

It is insisted for her that her reply was not controverted, but this was only a reply to the answer and cross-petition of W. J. Campbell. D. M. Campbell was not required to answer it, as it was not a reply to any pleading filed by him.

Mrs. Campbell is not entitled to any allowance for a fee to her attorney on this motion in the circuit court or on this appeal. When a divorce suit is brought, it is necessary that the wife should have an attorney, and so the rule under Ky. Stats., sec. 900, is that in such cases the husband must pay the reasonable fee of the wife's attorney, subject to certain exceptions not material here. But, when the parties have been divorced and a lump sum as alimony has been awarded the wife, the husband is no longer under necessity to furnish his wife with an attorney. After the divorce, they stand simply as other litigants. Thomas v. Thomas, 7 Bush, 665; Elliott v. Elliott, 138 Ky. 309, 127 S. W. 478, 1008; Wills v. Wills, 168 Ky. 35, 181 S. W. 619.

As Mrs. Campbell has held the house under the judgment of the court, she is not liable for the rent of the

house so held under the judgment; for, until the judgment was modified, she was rightfully in possession.

On the return of the case to the circuit court, a judgment will be entered adjudging the property to D. M. Campbell also adjudging Mrs. Campbell a lien thereon for $250, and her cost on the motion and adjudging W. J. Crawford a lien on the property, subject to her above lien, and a sale of the property may be ordered to satisfy the liens, if not paid.

Judgment reversed, and cause remanded for a judgment as above indicated.