## Harley et al. v. Harley.

June 7, 1940.

Churchill Humphrey, Judge.

Henry D. France and R. Boyd Robertson for appellants Harley and wife.

L. G. Bradbury and Wilson K. Beatty for appellee.

Opinion of the Court by Judge Thomas—Affirming.

The appellee and plaintiff below, Geraldine Harley, is the third wife of one of the appellants and a defendant below, Oliver E. Harley, they having married on April 26, 1934. On March 2, 1936, nearly two years after the marriage, plaintiff filed her petition in equity in the Jefferson circuit court against her husband, Oliver E. Harley, and three of his children by his first wife, the oldest of whom was and is the defendant Les-

lie Harley, who was about twenty-five years of age at the time, and whose wife is the defendant June Harley. In her petition plaintiff sought a divorce from her husband upon the grounds of cruel and inhuman treatment and such behavior and conduct towards her as destroyed permanently her peace and happiness.

Ancillary to the divorce she also sought alimony against her husband, and alleged in her petition that he was actually the owner of seven described parcels of real estate in Jefferson County, Kentucky, six of which were within the corporate limits of the city, and the seventh parcel—containing four acres with a one-story brick cottage in which the couple had theretofore resided and in which the husband resided at the time of the filing of the action—is located outside the city's limits. It was further alleged by the wife in her petition that the parcels of land so described by her had been theretofore conveyed by her husband to his eldest son, the defendant Leslie Harley, who held the naked title to the property at the time but only for the use and benefit of his father, who was the actual equitable owner thereof. She sought the cancellation of such conveyances upon the ground that they were made in fraud of her marital rights and with the design and purpose to deprive her of her inchoate marital rights therein and which conveyances it was alleged (and later proven) were purely voluntary and under which the son never reaped a farthing's benefit from the time of the transfers; but that on the contrary the property thereafter was managed and controlled in every respect and in all particulars exclusively by the husband of plaintiff and the father of the vendee in such alleged fraudulent transactions.

The husband was the only defendant who filed any kind of defense to the action or who attempted to give any testimony during its pendency in the trial court. The other defendants—being the children of the husband by his first wife and the wives of two of them who had married—neither made defense nor testified nor offered to testify throughout the hearing. Two of them (Melvin Harley and Lavern Harley and his wife) were entirely unnecessary parties; but defendant Leslie Harley and wife, the first of whom was the grantee in the alleged fraudulent conveyance, were necessary parties.

However, they remained silent, as we have said, throughout the hearing, except the son contested the title of his father to an automobile that plaintiff had attached upon the filing of her petition and in which he was successful.

The final judgment in the cause (there being the original and two supplemental ones) and the one from which this appeal is prosecuted, was rendered on October 5, 1938, two years, seven months, and three days from the date of the filing of the petition. During that time defendants were represented by two or three distinct and separate law firms whom they employed from time to time but with whom they would disagree, followed by their retirement or dismissal from the case. In the interim when defendants had no employed counsel, the husband attempted to act as counsel for himself and sons, and on this appeal the only brief filed by any of the appellants was prepared by their above designated counsel, who are entirely different ones from any of those who participated at all in the preparation of the cause. In such circumstances it is not to be wondered at that the record in many respects is unique and occupies a place quite apart from prescribed and approved practice.

The case was referred to the master commissioner to take proof on the issues raised including the grounds for divorce. After many sittings, of which parties were notified, the plaintiff completed her proof, but the commissioner was unable to procure any testimony for defendants, since they declined to appear and offer any. In that situation he made his report, recommending the granting of the divorce prayed for by plaintiff and that she be allowed $4,000 alimony, $2,000 of which should be paid in cash, and the other divided into monthly payments until it was completed.

The husband appeared and filed exceptions to the report and complained that he had not been given proper opportunity to present his proof—which contention was in the face of the facts—but which the court nevertheless granted in view of the fact that the exceptor at that time appeared to be acting as his own counsel and of course was unfamiliar with the practice, although he displayed some considerable knowledge thereof. On the re-reference the husband gave his dep-

osition but which he directed exclusively to the impeachment of certain witnesses who had testified for plaintiff, chief among whom were the real estate witnesses who had testified as to the value of the involved real estate sought to be subjected by plaintiff in the manner indicated. However, strange to say, no testimony introduced or offered to be introduced by either side gave the dates upon which the alleged fraudulent conveyances were made, nor was any deed or copy thereof filed or offered to be filed as a part of the record. The wife, however, did testify that some few days before her separation she was forced under duress (describing it) to execute a deed of conveyance to at least some of the property described in her petition, but whether all of it or not is not made clear.

The record of a prior divorce proceeding by the defendant's second wife (the one immediately preceding plaintiff) was also brought into the case, the final determination of which will be found in the case of Harley v. Harley, 255 Ky. 370, 74 S. W. (2d) 195. The plaintiff in that case, Jane T. Harley; who was the second wife of the defendant O. E. Harley, appears to have attacked certain conveyances of some or all of the same property and which attack the trial court, as well as this one, sustained as fraudulent as against the plaintiff therein, and the property was ordered sold to satisfy her alimony judgment. At the sale the best bid was less than two-thirds of the appraised value, which gave the owner twelve months in which to redeem. During that period the property was mortgaged by the son and his wife as well as the father to secure a loan sufficient to pay the plaintiff's alimony judgment in that case, which payment was made before the expiration of the redemption period, and all of which is recited to show the range that this case took during its preparation.

After taking all the testimony offered by defendants the master commissioner made the same report that he had formerly done, which the court, after overruling exceptions filed thereto by the husband alone, confirmed and rendered judgment in accordance therewith.

Based upon the judgment in the case of Harley v. Harley, supra, counsel for plaintiff insist that the judgment therein, in setting aside conveyances to the

son that were involved in that case, had the effect to restore the title to the vendor therein, and which status of the title remained in him thereafter. The correctness of that contention, to say the least of it, is doubtful, but its determination, as we shall see, is not necessary for the disposition of this appeal.

As if to continue to the end the unique as well as confusing practice indulged in the preparation of the case, briefing counsel for appellants style their brief as "Brief for Appellants, Leslie Harley and June Harley, His Wife," thereby limiting their argument to the defense of the rights of those two appellants and defendants only—the entire interest of the wife (June Harley) being only inchoate, while that of her husband, Leslie Harley, was dependent entirely upon the invulnerability of the voluntary conveyances made by his father to him. But, as we have seen, he (Leslie Harley) admitted the fraudulent character of those conveyances as alleged by plaintiff in her petition by declining and refusing to respond thereto, and the judgment so far as he is concerned is one by default.

Notwithstanding such inevitable consequences, to be drawn from the condition of the record as applicable to the son, it may truthfully be said that the husband's answer did put in issue the alleged fraud committed by him against plaintiff in making the attacked conveyances to his son. If, therefore, they were not actually fraudulent, or if so they were not reachable for any cause or subject to attack by plaintiff in this case, then the grantor therein did not own the real estate (valued at a total sum of $25,000) and for which reason the alimony judgment was excessive. We find, however, that no such contention is made in this case on this appeal, since the only brief filed on behalf of any of the appellants relies exclusively and entirely on section 2123 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, saying in part, "but no such order for maintenance of children or allotment in favor of the wife shall divest either party of the fee-simple title to real estate."

Counsel cite in support of that argument or contention our opinions in the cases of Campbell v. Campbell, 240 Ky. 202, 41 S. W. (2d) 1093; Security Trust Co. v. Moberley, 199 Ky. 703, 251 S. W. 964; Quisen-

berry v. Quisenberry, 1 Duv. 197, 198; and Tyler v. Tyler, 99 Ky. 31, 34 S. W. 898, 17 Ky. Law Rep. 1341. Perhaps a dozen or more others could have been cited in substantiation of the same interpretation of the section of the statute as was made in those cases, but none of which—nor the terms of the statute themselves—have any application whatever to the right of plaintiff to subject her husband's real estate in satisfaction of her alimony judgment following her successful divorce action against him. The cases referred to by counsel, with others of like tenor, interpret the statute as inhibiting courts from decreeing a transfer of title in divorce actions from the husband to the wife and to vest the title in the latter. But the statute does not in the remotest degree attempt to withhold the right of a successful wife in a divorce action to subject by enforced legal proceedings the property of her husband in satisfaction of any alimony judgment that she might obtain by the employment of all provided processes for the purpose. On the contrary, the successful wife in the circumstances referred to occupies the same position as any other creditor of the husband and may proceed to enforce her judgment in the same manner that any other creditor might do, and which was expressly so held in the case of Campbell v. Trosper, 108 Ky. 602, 57 S. W. 245, 22 Ky. Law Rep. 277, as well as in other cases cited in the notes to the section referred to.

It is therefore seen that the only ground urged for reversal of the judgment is wholly, entirely and completely insufficient for that purpose, since it has no bearing whatever upon the issues involved. By making no complaint of the material issues determined by the trial court all errors, if any, (and we do not intimate there are any) that might have been committed by it are waived, leaving us no alternative but to affirm the judgment, which is accordingly done.

The whole Court sitting, except Judge Rees who is absent.