## Brown v. Gibbs et al.

May 25, 1943.

424

Leland M. Mahan for appellant.

Stanley Mayer for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Aaron Brown, plaintiff below, is appealing from a judgment on a verdict in favor of L. W. Gibbs, trading and doing business as Frankfort Transfer & Storage Company, and Nevil Jamison, driver of one of the Transfer Company's trucks.

Reversal is urged upon the grounds that (1) the verdict was not in accordance with the law and the evidence; (2) prejudicial irregularities occurred during the trial and after submission of the case to the jury; (3) one of the appellees' witnesses perjured himself to the prejudice of the appellant; and (4) the court erred in reading to the jury after it had retired to the jury room and returned to the court room parts of a deposition which was not filed in the case nor made a part of the record.

Brown sustained his injuries in a rather unusual manner. At about dark (5:30 p. m.) on October 13, 1939, he was walking eastwardly either in the grass plot which divides the two lanes of the concrete highway running east from Louisville, or near the southern edge of the northern strip of concrete. Jamison was driving one of the Transfer Company's trucks toward Louisville along the northern lane of the highway. He pulled his truck

to the left as he was passing a car going in the same direction. Just as he passed the car the rearview mirror, which extends a few inches beyond the bed of the truck, struck Brown on the shoulder, thereby causing his injury. Brown says he was walking over in the grass about two feet from the southern edge of the northern lane of the highway, and that the truck either ran over on the grass or so close to the edge of the concrete that the mirror struck him. He said also he saw the truck coming toward him at a rapid rate of speed and knew it was going to pull around a car. Jamison said he was driving about 35 miles an hour; his lights were burning; he did not increase his speed as he pulled around a slow-moving car; the truck did not run off the highway; he did not see Brown until he had almost passed the car; and Brown was walking toward him about six inches from the edge of the concrete. Brown's glasses were found over in the grass plot, and one of his witnesses testified that, when Jamison came back to where Brown had been struck, he said his rearview mirror had struck him as he was walking along the grass. Forrester Waters, who was in the Army at the time of the trial, and who was riding in the truck with Jamison when the accident occurred, said the truck did not leave the concrete and he was not in a position to see whether Brown was walking on the grass plot or near the edge of the concrete, though he had said in a statement to counsel for Brown a few days after the accident, the appellant was walking on the grass.

It is insisted the preponderance of the evidence shows that Brown was walking on the grass and that the Storage Company's truck ran upon the grass or so close to its edge as to cause the rearview mirror to strike him, and, therefore he was entitled to a verdict. That the rearview mirror of the truck struck Brown is beyond question; but it does not follow necessarily he was entitled to a verdict, even though the preponderance of the evidence was in his favor. There was his clear-cut statement that he was walking about two feet over in the grass plot against Jamison's testimony that he was walking along the edge of the concrete. Clearly, the question was one for the jury to decide (Crowe v. Miller, 239 Ky. 444, 39 S. W. (2d) 693. It is insisted also there was a lookout duty imposed upon Jamison and he violated this duty, but the instructions covered that point, and it was for the jury to determine the question.

The second and fourth grounds urged for reversal relate to statements made by Jamison to counsel for Brown a few days after the accident, and to parts of his deposition which had been taken as if upon cross-examination shortly before the institution of this action. The deposition was not filed as a part of the record. The alleged irregularity came about in the following manner. Some 50 minutes after the jury had retired for the consideration of the case it came back into the court room and asked the question, Whether or not the driver of the truck said in his deposition that he saw Mr. Brown on the grass? Thereupon the court read to the jury the part of Jamison's deposition which related to the way the accident happened. A reading of Jamison's deposition shows counsel for appellant was attempting to get him to admit he had said in his previous statement that Brown was walking on the grass, which he refused to do. The reason given by Brown's counsel for not introducing Jamison's deposition was that a person who was present when Jamison said Brown was walking on the grass, could not be obtained for the trial, and therefore he deemed it best not to attempt to confront Jamison with the deposition. The record shows that only counsel for the appellees objected to the reading of parts of the deposition by the court, and he asked that the jury be discharged for that reason. Not until motion and grounds for a new trial were filed did Brown's counsel object to the proceeding. Even if there had been an irregularity, the complaint came too late. Harley v. Harley, 283 Ky. 725, 142 S. W. (2d) 992; Black Mountain Corporation v. Partin's Adm'r, 260 Ky. 680, 86 S. W. (2d) 676.

It is insisted that Forrester Waters, who testified for the appellees, so perjured himself as to prejudice Brown's substantial rights. As we have noted, this witness was riding in the truck with Jamison. He had given a statement to counsel for Brown shortly after the accident. Before the trial he had been inducted into the Army, and there had been one continuance because he could not be located. The appellees arranged for Waters' expenses to the trial in Louisville after counsel for Brown had attempted such an arrangement. The affidavit of Brown's counsel shows that, after the trial, where we have noted Waters gave evidence that was of no great value, he went to said counsel's office and said important evidence had been suppressed by the appellees.

and he would be willing to give his affidavit to that effect. Brown's counsel says, however, he does not believe any evidence was suppressed by the appellees, and that Waters is obviously a perjurer because, after he gave his deposition subsequent to the trial, he attempted to borrow money. We may say in passing that Waters made still another affidavit, but we are not concerned with the statements made by this witness after the trial, since they show no irregularity in the proceeding. This contention urged for reversal we deem to be groundless.

It follows from what has been said that it is our view that the judgment should be and it is affirmed.